**\*\* E-filed April 3, 2012 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHAD RICH,<br><br>　　　　Plaintiff,<br>　　v.<br><br>BANK OF AMERICA HOME LOANS;<br>FEDERAL NATIONAL MORTGAGE<br>ASSOC.,<br><br>　　　　Defendants.<br>_____/ | No. C12-00757<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT & RECOMMENDATIONS**<br><br>**[Re: Docket No. 4]** |

Pro se plaintiff Chad Rich brought this action in Santa Clara County Superior Court against defendants Bank of America Home Loans Servicing (incorrectly named "Bank of America Home Loans") and the Federal National Mortgage Assocation ("Fannie Mae") (collectively, "defendants"), alleging violations of the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), the federal Equal Credit Opportunity Act, 15 U.S.C. 1691 *et seq.* ("ECOA"), and common law claims for fraud, unconscionability, lack of standing, and wrongful foreclosure. Dkt. No. 1, Exh. A ("Complaint"). Defendants timely removed the action to this court. Dkt. No. 1 ("Notice of Removal").

Plaintiff's complaint contains virtually no factual allegations, but appears to seek rescission of a deed of trust he executed in August of 2004 for a "consumer loan." Complaint ¶¶ 13-14. He does not specify whether either of the named defendants in this action was involved in the loan origination, or whether they are solely successors in interest on the deed of trust. He offers no facts

to explain when the relevant transaction occurred, who was involved, and what happened subsequently. The court gathers from defendants' motion to dismiss and defendant's argument at the hearing that Countrywide was the original loan servicer, that plaintiff defaulted on his loan payments, and a foreclosure sale ultimately occurred in November 2010, after which title reverted to Fannie Mae.

Defendants now move to dismiss the complaint for failure to state a claim upon which relief can be granted. Dkt. No. 4. Plaintiff has not opposed the motion. Because not all parties have consented to the undersigned's jurisdiction, the court ORDERS the Clerk of the Court to reassign this case to a district judge. Further, the undersigned RECOMMENDS that the newly assigned judge grant defendants' motion to dismiss, with leave to amend.

LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. See Balistreri, 901 F.2d at 699. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). Documents which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion for failure to state a claim for relief. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," meaning that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted). See also Iqbal, 129 S. Ct. at 1950

("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). However, a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations and "heightened fact pleading of specifics" is not required to survive a motion to dismiss. Bell Atlantic Corp., 550 U.S. at 570. Rather, the complaint need only give "enough facts to state a claim to relief that is plausible on its face." Id. But, claims for fraud must be pled "with particularity." Fed. R. Civ. P. 9(b).

DISCUSSION

I. Defendants' Request for Judicial Notice

Defendants ask this court to take judicial notice of six documents: (1) a Deed of Trust executed on August 12, 2004 and recorded with the Santa Clara County Recorder on August 18, 2004; (2) a Substitution of Trustee and Assignment of the Deed of Trust recorded with the Santa Clara County Recorder on August 13, 2010; (3) a Notice of Default and Election to Sell Under Deed of Trust, recorded with the Santa Clara County Recorder on August 5, 2010; (4) a Notice of Trustee's Sale, recorded with the Santa Clara County Recorder on November 12, 2010; (5) a Corporation Assignment of Deed of Trust/Mortgage, recorded with the Santa Clara County Recorder on May 12, 2011; and (6) a Trustee's Deed of Sale, recorded with the Santa Clara County Recorder on May 12, 2011. Dkt. No. 5.

In deciding a motion to dismiss, the court is ordinarily limited to only "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG, LLP, 476 F.3d 756, 763 (9th Cir. 2007). A court may take judicial notice of facts that are not subject to reasonable dispute. Fed. R. Evid. 201. Such facts include matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). These six documents were all recorded with the Santa Clara County Recorder and are therefore in the public record. Accordingly, the court recommends that the newly assigned judge judicially notice all six documents.

II. Defendants' Motion to Dismiss

A. Plaintiff's First Claim for Violation of TILA

3

Plaintiff's complaint offers virtually no factual allegations to support his TILA claim. He appears to seek both injunctive relief and damages. Defendants argue that the complaint fails to state a claim for relief. The court agrees.

1. Rescission

The right of rescission under TILA does not apply to a "residential mortgage transaction"—i.e., a loan transaction to finance the acquisition of the borrower's residence. 15 U.S.C. § 1635(e)(1) and § 1602(w); Rivera v. BAC Home Loans Servicing, L.P., 756 F. Supp. 2d 1193, 1198 (N.D. Cal. 2010). Although plaintiff has not explained the nature of the subject property, he does refer in the complaint to "an unconscionable mortgage loan agreement which skimmed equity form [sic] their home." Complaint ¶ 10. At the hearing, defense counsel confirmed that the loan was for the purchase of a home. Therefore, TILA's right of rescission does not apply to this transaction.

Even if the right of rescission did apply, it appears that the statute of limitations on plaintiff's right to rescission has run out. See 15 U.S.C. § 1635(f). "[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period." Beach v. Ocwen Federal Bank, 523 U.S. 410, 412, 118 S. Ct. 1408, 140 L.Ed.2d 566 (1998); see also King v. California, 784 F.2d 910, 913 (9th Cir. 1986) (holding that TILA, section 1635(f) is an "absolute limitation on rescission actions"). The Ninth Circuit construes section 1635(f) as a "statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." Miguel v. Country Funding Corp., 309 F.3d 1161, 1165 (9th Cir. 2002). Although plaintiff's complaint offers no facts whatsoever regarding when the loan was consummated, the Deed of Trust was executed on August 12, 2004, approximately seven and a half years before plaintiff filed this lawsuit. See Dkt. No. 5, Exh. 1 ("Deed of Trust"); see Rivera, 756 F. Supp. 2d at 1198 (stating that "'if the borrower files his or her suit over three years from the date of a loan's consummation, a court is powerless to grant rescission.'") (quoting Miguel, 309 F.3d at 1165)). Plaintiff did not timely exercise his right to rescission.

Nor has plaintiff alleged facts to support a tolling of the state of limitations. Federal statutes of limitations begin to toll when the claimant discovered or should have discovered the violation. Nat'l Labor Relations Bd. v. Don Burgess Constr. Corp., 596 F.2d 378, 382-83 (9th Cir. 1979),

1  citing Holmberg v. Armbrecht, 327 U.S. 392, 397 (1946). In cases of fraud, the statute of limitations
2  does not run until the fraud is discovered or should have been discovered through due diligence. See
3  Holmberg, 327 U.S. at 397. However, plaintiff must do more than allege that he was not provided
4  with the appropriate TILA notice of right to rescission. Were that sufficient to toll the state of
5  limitations, the three-year limit itself would be meaningless. The plaintiff has not alleged a knowing
6  and willful concealment of wrongdoing by defendants that would suffice to toll the statute of
7  limitations beyond its strict three year limit.

8        Accordingly, to the extent plaintiff seeks rescission under TILA, the undersigned
9  recommends that his claim be DISMISSED as against all defendants, with leave to amend.

                              2.   Damages

11  Defendants argue that plaintiff's TILA claim for damages fails because he "has not alleged
12  facts constituting a TILA violation." Dkt. No. 4, p. 7. Plaintiff's only allegation of a TILA violation
13  appears to be the following: "Defendants . . . violated TILA and Regulation Z by misrepresenting to
14  plaintiff that plaintiff did not have the right to back out of the mortgage at closing." Complaint ¶ 2.
15  By "plaintiff's right to back out of the mortgage," the court believes plaintiff refers to the right of
16  rescission, pursuant to 15 U.S.C. § 1635(e). 15 U.S.C. §1640(a) permits a plaintiff to seek damages
17  for any violation of TILA, "including any requirement under section 125 [15 USCS § 1635]." But,
18  as noted in the preceding section, the right of rescission does not apply to residential mortgage
19  transactions like this one. Thus, plaintiff's lone allegation of a TILA violation fails.

20        Defendants correctly argue that even if plaintiff could conceivably state a claim for damages
21  against the defendants, his claim is time-barred. Dkt. No. 4, pp. 6-7. Claims for damages under
22  TILA are barred by a one-year statute of limitations, which begins to run "from the date of
23  consummation of the transaction." See King, 784 F.2d 910, 915 (9th Cir. 1986); see also 15 U.S.C.
24  § 1640(e). In this case, plaintiff's claims would have arisen on the date the loan was consummated,
25  on or around August 12, 2004. Plaintiff did not file this action until January 4, 2012, approximately
26  seven and a half years later. See Complaint. "[E]quitable tolling may, in the appropriate
27  circumstances, suspend the limitations period until the borrower discovers or had reasonable
28  opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King,

784 F.2d at 915. A motion to dismiss on statute of limitations grounds should be granted only when the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the limitations period was tolled. See Plascencia v. Lending 1st Mortgage, 583 F. Supp.2d 1090, 1097 (N.D. Cal. 2008) (citing Durning v. First Boston Corp., 815 F.2d 1265, 1268 (9th Cir. 1987)). The doctrine of equitable tolling applies in situations where, despite all due diligence, the party invoking the doctrine is unable to obtain vital information bearing on the existence of the claim, or where he has been induced or tricked by his adversary's misconduct into allowing the deadline to pass. Hensley v. United States, 531 F.3d 1052, 1057-58 (9th Cir. 2008). Plaintiff must provide facts "to explain how defendants concealed the true facts or why plaintiff could not otherwise have discovered the TILA violations at the consummation of her loan." Wong v. American Servicing Co., Inc., 2009 WL 5113516 (E.D. Cal. Dec. 18, 2009).

Here, plaintiff has not presented any facts to explain why he was unable to discover the violation within the statutory period. Accordingly, to the extent plaintiff seeks damages under TILA, the undersigned recommends that his claim be DISMISSED. As currently pled, this court concludes that plaintiff has not properly asserted a TILA claim against any of the defendants. However, if plaintiff believes that he has a viable TILA damages claim against any or all of the defendants, the undersigned recommends the court permit plaintiff to amend this claim if, in compliance with Fed. R. Civ. P. 11, he can truthfully allege facts that would support a TILA damages claim, as well as equitable tolling of the limitations period.

### B. Plaintiff's Fourth Claim for Violation of ECOA

Plaintiff alleges that "Defendant" is a creditor under 15 U.S.C. § 1691 *et seq.* ("ECOA") and that "[t]he Defendant violated ECOA by failing to provide the Plaintiff with written notice of his counteroffer within thirty days of receiving the completed application." Plaintiff never specifies which defendant he intends to state this claim against, nor does he make any effort to explain what he means by "completed application" or "counteroffer." Defendants argue that plaintiff's claim fails because it mistakes the applicable law and is time-barred. The court agrees.

ECOA is an anti-discrimination statute that requires a creditor, within thirty days of receipt of a completed application for credit, to notify the applicant of the creditor's action on the

6

application. 15 U.S.C. § 1691(d)(1). If the creditor takes an "adverse action," defined as "a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested," the creditor must provide a "statement of reasons" for the adverse action. 15 U.S.C. § 1691(d)(2)-(6). Plaintiff must allege that he was a member of a protected class and was discriminated against on that basis by a creditor. See Hafiz v. Greenpoint Mortg.e Funding, Inc., 652 F. Supp. 2d 1039, 1045 (N.D. Cal. 2009) (citing Chiang v. Veneman, 385 F.3d 256, 259, 46 V.I. 679 (3rd Cir. 2004)).

Plaintiff's complaint completely fails to explain why ECOA is applicable to this action. Not only has Rich not alleged that he is a member of a protected class, he has not alleged that the defendant took an adverse action against him. Instead, plaintiff has alleged that the "defendant" "extended a consumer loan." Complaint ¶ 14. This is the opposite of an "adverse action" as that term is defined under ECOA. See 15 U.S.C. § 1691(d). Plaintiff does not explain why he believes he should have been given a counteroffer or how this fits into the statutory scheme. Simply put, plaintiff's allegations do not state any ECOA violation whatsoever, and the court is skeptical that he could truthfully state a claim if given leave to amend.

In addition, defendants argue that even if plaintiff could conceivably state an ECOA violation, it would be time-barred. Dkt. No. 4, p. 11. Defendants incorrectly argue that the applicable statute of limitations is two years. ECOA was amended, effective July 21, 2011, to extend the statute of limitations to five years. See Pub. L. 111-203, §§ 1085(1), (5)-(7), 124 Stat. 2083, 2085, 2113 (2010) (amending 15 U.S.C. § 1691e(f) "by striking 'two years from' each place that term appears and inserting '5 years after'"). Even so, defendants' argument holds, as plaintiff did not file this action until over seven years after the loan transaction occurred. Plaintiff offers no facts to support a tolling of the statute of limitations.

Accordingly the undersigned recommends that plaintiff's ECOA claim be DISMISSED. Although skeptical that plaintiff can do so, the undersigned recommends the court permit plaintiff to amend this claim if, in compliance with Fed. R. Civ. P. 11, he can truthfully allege facts that would support an ECOA claim, as well as equitable tolling of the limitations period.

    C.  Plaintiff's State Law Claims

7

In light of the court's dismissal of plaintiff's two federal claims, the court declines to consider the state claims at this time. Accordingly, the undersigned recommends that these claims also be DISMISSED, with leave to amend. Should the plaintiff file an amended complaint that adequately pleads a federal claim, the newly assigned district court judge may decide to exercise supplemental jurisdiction over the state claims. See 28 U.S.C. 1367.

The court will note that the complaint as presently set forth does not appear to allege state law claims upon which relief can be granted. Plaintiff is advised that if he intends to amend these claims, he must provide factual allegations that clearly set forth each claim for relief, the facts relevant thereto, and plausibly leads to the conclusion that each of the defendants are liable for the claim asserted against them.

CONCLUSION

Because not all parties have consented to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge dismiss the plaintiff's complaint. Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

Dated: April 3, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  **C 12-00757 Notice will be electronically mailed to:**

2  Imran Hayat          imran.hayat@akerman.com
   Justin Balser        justin.balser@akerman.com

3  **Notice will be mailed to:**

4  Chad Rich
5  38 N. Almaden Boulevard #703
   San Jose, CA 95110

6

7  **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28